UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Achamma Philip,<br>Individually and on behalf of all others similarly situated,<br><br>                             Plaintiff,<br>     -v-<br><br>Brink's, Incorporated,<br><br>                            Defendant. | Civ. Action #:<br><br>**COMPLAINT**<br>**(Collective & Class Action)**<br><br>**Date Filed:**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Achamma Philip ("Plaintiff" or "Philip"), on behalf of herself, and all others similarly situated, by Abdul Hassan Law Group, PLLC, her attorneys, complaining of defendant Brink's, Incorporated ("Brinks" or "Defendant"), respectfully alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges on behalf of herself, and other similarly situated current and former employees who worked for the Defendant as manual workers, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that she and they are: (i) entitled to maximum liquidated damages or interest for being paid overtime wages later than weekly; and (ii) entitled to attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of herself and a class of other similarly situated current and former employees who worked for the Defendant as manual workers, pursuant to the Fed. R. Civ. Proc. 23, that she and they are: (i) entitled to maximum liquidated damages and/or interest for being paid overtime wages later than weekly; and (ii) entitled to attorneys' fees, costs and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3. Plaintiff complains on behalf of herself and a class of other similarly situated current and former employees who worked for the Defendant as manual workers, pursuant to the Fed. R.

Civ. Proc. 23, that she and they are: (i) entitled to maximum liquidated damages and/or interest for being paid overtime wages and non-overtime wages later than weekly; and (ii) entitled to costs and attorneys' fees, pursuant to the New York Labor Law ("NYLL") §§ 191, 198, and the regulations thereunder.

4. Plaintiff complains that Defendant terminated her employment in retaliation/discrimination and in violation of NY Labor Law § 215 because she engaged in protected activity concerning lunch breaks under the NYLL 162. Plaintiff seeks the recovery of lost income including back pay and front pay/reinstatement, lost benefits, other damages, maximum liquidated damages, as well as attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff Achamma Philip ("Plaintiff" or "Philip") is a resident of Nassau County in the State of New York.

9. Upon information and belief, defendant Brink's Incorporated. ("Defendant" or "Brinks") is a foreign business corporation, incorporated in the State of Delaware.

10. Upon information and belief, defendant Brinks is duly authorized to do business in the State

of New York.

11. Upon information and belief and at all times relevant herein, Defendant Brinks maintained offices/headquarters at 1801 Bayberry Ct, Richmond, Virginia, 23226.

12. Upon information and belief, and at all times relevant herein, defendant Brinks operated a facility at 652 Kent Avenue Brooklyn, NY 11211, where it employed plaintiff, as well as at JFK Airport in Queens, New York.

13. "Plaintiff" as used in her complaint refers to the named Plaintiff, except, that as to the class and collective action allegations under New York Labor Law and the FLSA respectively, "Plaintiff" refers to the named Plaintiff as well as those similarly situated as putative class members as further defined below.

14. The "present" or the "present time" as used in her complaint refers to the date her complaint was signed.

## STATEMENT OF FACTS

15. Upon information and belief and at all times relevant herein, Defendant provided armored vehicle and property protection services to customers across the United States and internationally. See www.brinks.com.

16. Upon information and belief, Plaintiff was employed by Defendant for about fourteen years until she was suspended on or about April 2, 2014 and terminated on or about May 15, 2014.

17. At all times relevant herein, Plaintiff was employed at Defendant's facility at 652 Kent Avenue Brooklyn, NY 11211.

18. Upon information and belief and at all times relevant herein, defendant Brinks had hundreds of employees at its Brooklyn facility where it employed Plaintiff and thousands of employees across the United States and internationally.

19. At all times relevant herein, Plaintiff was employed by Defendant as a money room cashier – upon information and belief, there were approximately 40-50 money room cashiers at any given time at Defendant's Brooklyn facility where Plaintiff was employed.

20. At all times relevant herein, Plaintiff was employed by Defendant as a manual worker. In the course of her workday, Plaintiff lifted and handled about 200-300 bags of money weighing up to 50-60 pounds each. Plaintiff would count the money in these bags using a machine, she would then repetitively and physically strap the bills into bundles and then physically strap the bundles into sets and place them in a certain location for further handling.

21. Upon information and belief, and at all times relevant herein, the putative class members herein also performed similar manual work and functions like those performed by Plaintiff. Putative class members also performed other manual functions like loading trucks, unloading trucks, moving, packing, driving trucks, mechanic work etc.

22. At all times relevant herein, Plaintiff was an hourly employee of Defendant. (See Exhibits 1 and 2).

23. Upon information and belief, Plaintiff was paid about $14.40 an hour. (See Exhibits 1 and 2).

24. At all times relevant herein, Plaintiff was paid bi-weekly. (See Exhibits 1 and 2).

25. Upon information and at all times relevant herein, the putative members of the class herein were paid bi-weekly.

26. At all relevant times herein and for the time Plaintiff was employed by Defendant, she worked more than forty (40) hours in a week for some or all weeks. (See Exhibit 1, for example).

27. For numerous weeks during her employment with Defendant, Plaintiff worked overtime

4

hours and was paid overtime wages under the FLSA and NYLL. However, Defendant violated and willfully violated the FLSA and NYLL by paying Plaintiff her overtime wages bi-weekly instead of weekly. (See Exhibits 1 and 2). Both the FLSA and NYLL required defendant to pay plaintiff her overtime wages at a frequency that did not violate state law. Because plaintiff was a manual worker, defendant was required to pay her overtime wages under the FLSA and NYLL weekly in light of NYLL 191 and NYLL 191(1)(a) which require that manual workers be paid weekly for both their non-overtime and overtime wages.

28. Upon information and belief and at all times relevant herein, Defendant had a policy and practice of paying plaintiff and the putative class members their wages, including their overtime wages bi-weekly instead of weekly.

29. Upon information and belief and at all times relevant herein, Defendant had annual revenues from its operations in the hundreds of millions of dollars. (See www.brinks.com).

30. Plaintiff was unlawfully terminated by Defendant in retaliation/discrimination because she opposed and complained in good faith about having to work without taking a meal break which she was entitled to under law including NYLL § 162.

31. Throughout Plaintiff's employment with Defendant, including the last several months of Plaintiff's employment with Defendant, Defendant had a policy and practice, in light of very heavy workload, of not allowing Plaintiff to take a lunch break until very late in Plaintiff's shift – sometime after more than eight hours of work – in violation of NYLL § 162. In addition, when Plaintiff was given a lunch break late into her shift, she was not allowed to take at least 30 minutes for the lunch break because of the work demand.

32. On on about March 31, 2014, Plaintiff was only able to take her lunch break after more than ten (10) hours into her shift. (See Exhibit 2).

33. On on about April 1, 2014, Plaintiff was only able to take her lunch break after more than nine (9) hours into her shift. (See Exhibit 2).

34. On on about April 2, 2014, after working more than six (6) hours without a lunch break, Plaintiff was directed by Defendant (through a supervisor) to report to another section to continue working without any lunch break. Plaintiff was tired and hungry and complained in good faith to Defendant (supervisor) that she needed to first take her lunch break to which she was entitled to under NYLL § 162. Defendant responded by instructing Plaintiff to clock out and go home - which happened. (See Exhibit 2).

35. On or about May 15, 2014, Defendant notified Plaintiff that her opposition and complaint about having to work without a lunch break, she was entitled to under law was considered insubordination by Defendant and Plaintiff was terminated as a result.

36. In essence, Plaintiff was discharged/terminated by Defendant because she acted in good faith and reasonably in exercising her rights under the NYLL 162 to be get a timely and adequate lunch break.

37. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of her complaint but her period may be longer.

38. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of her complaint but her period may be longer.

39. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Untimely OT Payments)**

40. Plaintiff alleges on behalf of herself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

6

41. The named Plaintiff has consented to be part of this action by the filing of this action on her behalf and with her consent.

42. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

43. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former employees who worked for the Defendant as manual workers within the State of New York and who: 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid their overtime wages weekly as also explained above.

44. The FLSA class will include but is not limited to employees of Defendant who worked as money room cashiers, loaders, movers, packers, helpers, mechanics and drivers etc., who were paid bi-weekly.

45. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are several hundred members of the class during the class period.

46. The class definition will be refined as is necessary, including after discovery if necessary.

47. At all times relevant to this action, Plaintiff and all those similarly situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

48. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

49. Upon information and belief and at all times relevant herein, defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

50. At all times relevant herein, defendant failed and willfully failed to pay plaintiff, and all those similarly situated as manual workers, overtime compensation weekly, in violation of the FLSA including 29 U.S.C. § 207 and the regulations thereunder, through the operation of NYLL § 191(1)(a).

### Relief Demanded

51. Due to Defendant's FLSA violations, Plaintiff, and all those similarly situated, are entitled to recover from Defendant, maximum liquidated damages and/or interest, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Untimely OT Payments)

52. Plaintiff alleges on behalf of herself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 50 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

53. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

54. The class of similarly situated individuals as to the overtime cause of action under the NYLL 663 is defined as current and former employees who worked for the Defendant as manual workers within the State of New York and who: 1) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 2) were not paid

their overtime wages weekly as also explained above.

55. The NYLL 663 class will include but is not limited to employees of Defendant who worked as money room cashiers, loaders, movers, packers, helpers, mechanics and drivers etc., who were paid bi-weekly.

56. The class definition will be refined as is necessary, including after discovery if necessary.

57. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are at least several hundred members of the class during the class period.

58. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

59. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid overtime wages weekly.

60. Upon information and belief, the claims of the representative party are typical of the claims of the class.

61. The representative party will fairly and adequately protect the interests of the class.

62. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

63. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

(a) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members their overtime wages weekly.

64. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

65. At all times relevant to this action, Plaintiff and all those similarly situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

66. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly situated as class members, overtime wages weekly, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2, through the operation of NYLL § 191(1)(a).

### Relief Demanded

67. Due to Defendant's NYLL overtime violations, Plaintiff, and all those similarly situated, are entitled to recover from Defendant, maximum liquidated damages and/or interest, attorneys' fees, and costs of the action, pursuant to NYLL § 663.

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL 191, 198 – Untimely Payment of Base and Overtime Wages

68. Plaintiff alleges on behalf of herself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 67 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

69. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2)

and (b)(3) of the Federal Rules of Civil Procedure.

70. The class of similarly situated individuals as to the cause of action under NYLL 198 is defined as current and former employees who worked for the Defendant as manual workers within the State of New York and who: 1) were not paid their non-overtime and/or overtime wages weekly as also explained above, within at least the six-year period, preceding the filing of this complaint.

71. The NYLL class will include but is not limited to employees of Defendant who worked as money room cashiers, loaders, movers, packers, helpers, mechanics and drivers etc., who were paid bi-weekly.

72. The class definition will be refined as is necessary, including after discovery if necessary.

73. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are at least several hundred members of the class during the class period.

74. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

75. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid wages weekly.

76. Upon information and belief, the claims of the representative party are typical of the claims of the class.

77. The representative party will fairly and adequately protect the interests of the class.

78. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

79. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (b)   Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members their wages weekly, within the meaning of NYLL 190(1)(a).

80. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

81. At all times relevant to this action, Plaintiff and all those similarly situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 190 et Seq., including NYLL 190(1)(a) and the regulations thereunder.

82. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly situated as class members, their wages including overtime and non-overtime wages weekly, in violation of the NYLL 190(1)(a).

**Relief Demanded**

83. Due to Defendant's NYLL 190 et Seq. violations, plaintiff, and all those similarly situated, are entitled to recover from Defendant, maximum liquidated damages, and/or interest, attorneys' fees, and costs of the action, pursuant to NYLL § 198.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**RETALIATION/DISCRIMINATION - NYLL § 215**

84. Plaintiff alleges on behalf of herself only and incorporates by reference the allegations in

paragraphs 1 through 83 above as if set forth fully and at length herein.

85. At all times relevant herein, Plaintiff was employed by Defendant, within the meaning of the New York Labor Law §§ 2, 190, 162, 215 and 651.

86. At all times relevant herein, Defendant was a covered person or entity within the meaning of New York Labor Law §§ 2, 190, 162, 215 and 651.

87. Defendant discharged/terminated Plaintiff, in retaliation/discrimination and in violation of the NYLL § 215 for engaging in protected activity as laid out above including her good faith complaint/opposition to Defendant's requirement that she continue working without a lunch break – a lunch break she was entitled to take under NYLL § 162.

88. A notice of this action was provided to the NYS Attorney General pursuant to NYLL § 215 prior to the filing of this action.

### Relief Demanded

89. Defendant's retaliatory/discriminary discharge of plaintiff under NYLL § 215, has caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendant all her damages, including her lost wages such as back pay, and reinstatement to her job, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215, as well as an injunction preventing Defendant from continuing to violate NYLL § 162, and directing Defendant to implement measures to ensure workers are provided with a timely and adequate lunch break.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

90. Declare defendant (including its overtime, lunch break and wage payment policy and practice) to be in violation of the rights of Plaintiff and putative class members, under the FLSA and New York Labor Law – 12 NYCRR § 142-2.2 and NYLL §§ 191, 215, and 162.

91. As to the **First Cause of Action**, award Plaintiff and the similarly situated class members, maximum liquidated damages, and/or interests, costs and attorneys' fees and enjoin defendant from paying its manual workers later than weekly, pursuant to 29 USC § 216(b);

92. As to the **Second Cause of Action**, award Plaintiff and the similarly situated class members, maximum liquidated damages, and/or interests, costs and attorneys' fees and enjoin defendant from paying its manual workers later than weekly, pursuant to NYLL § 663;

93. As to the **Third Cause of Action**, award Plaintiff and the similarly situated class members, maximum liquidated damages, and/or interests, costs and attorneys' fees and enjoin defendant from paying its manual workers later than weekly, pursuant to NYLL § 198;

94. As to the **Fourth Cause of Action**, award Plaintiff pursuant to NYLL including § 215 all her damages recoverable under NYLL § 215, including her loss of income such as back pay, pre-judgment interest, other damages, maximum liquidated damages, costs and attorneys' fees, and reinstate Plaintiff to her job with defendant without loss of seniority or benefits.

95. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

96. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
      July 13, 2014

Respectfully submitted,

Abdul Hassan Law Group, PLLC

_/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427

Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com